UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A.E.T.M.,  A.E.T.M-2, SONIA
GARCIA VALLES,

    Plaintiffs,

    v.                               Case No.:  6:26-cv-00536-GAP-LHP

ATTORNEY GENERAL PAM
BONDI, SECRETARY KIRSTI
NOEM, ACTING DIRECTOR TODD
M. LYONS,

    Defendants,
                                       /

## ORDER

This matter is before the Court on Petitioner Sonia Garcia Valles' ("Valles' "), on behalf of minors A.E.T.M. and A.E.T.M. ("Petitioners"), Petition for Writ of Habeas Corpus. Doc. 2-1. The Petition alleges that A.E.T.M. and A.E.T.M., twelve-year-old twin sisters who were born in Orlando, Florida in 2013 (and thus, U.S. citizens), were unlawfully detained by U.S. Immigration and Customs Enforcement ("ICE") on March 9, 2026. *Id.* at 1, 3-4.

The Petitioners' mother, Marly Carolina Morataya Zepeda ("Zepeda") was ordered to appear at the ICE facility in Orlando on March 9th with her "children and documents" appurtenant to ongoing removal proceedings against her. *Id.* at 4. Zepeda was accompanied to the appointment by her children's grandmother,

Valles, who waited in the parking lot with A.E.T.M. and A.E.T.M. while Zepeda attended her appointment. *Id.* While waiting, Valles was contacted by an ICE officer and directed to bring the children to the facility entrance, where ICE officer Jaenhe took the children into custody (allegedly pursuant to a "family unity" policy). *Id.*

At 2:11 AM on March 10, 2026, Petitioners filed the instant Petition. Doc. 1. Upon reviewing the Petition, the Court issued an Order at 9:46 AM temporarily restraining and enjoining Respondents from moving Petitioners outside of the Middle District of Florida and set a hearing for 1:00 PM the same day. Doc. 5. Several hours later, counsel for Respondents filed a Notice to inform the Court that the children had already been deported alongside their mother onboard a flight to Guatemala which departed Orlando at 8:15 AM. Doc. 8 at 2. Shortly thereafter, Respondents filed another Notice to inform the Court that, assuming Zepeda's consent, ICE was prepared to facilitate the children's return to the United States. Doc. 9 at 1.

At the hearing, ICE Acting Field Office Director Kellei Walker stated that the "Family Unity Policy" relied upon by ICE officials to detain the children was likely a reference to Policy 11064.4, which purportedly explains that deported parents may elect whether their children will remain in the United States or be deported alongside them. Ms. Walker stated at the hearing that there was confusion regarding Zepeda's election, representing that ICE understood that she wanted to

take her children with her.[1] However, both Ms. Walker and counsel for Respondents also recognized that on February 25, 2026, Zepeda had filed a form indicating she would like to leave the children with Valles.

Notwithstanding this alleged confusion, Respondents conceded at the hearing that Petitioners were unlawfully detained and consented to facilitating their immediate return to the United States, if desired. Counsel for Petitioners confirmed that she had been in contact with Zepeda, who re-affirmed her election that the children should remain in the United States with Valles.[2]

Accordingly, it is **ORDERED** that the Petition for Writ of Habeas Corpus is **GRANTED**:

1. Respondents are **DIRECTED to coordinate with Petitioners and their counsel** to facilitate, including by covering all associated costs, the **IMMEDIATE AND SAFE RETURN** of minor Petitioners A.E.T.M. and A.E.T.M. to the United States, specifically to the custody of their grandmother, Sonia Garcia Valles, in Orlando, Florida via the Orlando

---

[1] Counsel for Zepeda, who was present at the hearing, disputed Ms. Walker's version of these events, contending that she was present and protested ICE's actions but was not shown any policy or followed up with.

[2] The Court notes that A.E.T.M. and A.E.T.M.'s father, Antony Teo Garcia, is also allegedly a lawful permanent resident and it is unclear why ICE personnel allegedly told Petitioners that they "could not remain with their father." *See* Doc. 2-1 at 3; Doc. 2-6, ¶ 11. However, the Court need not resolve these issues where ICE has conceded Petitioners are due to be immediately returned to their grandmother.

International Airport.

2. Petitioners A.E.T.M. and A.E.T.M should be brought by their mother, Marly Carolina Morataya Zepeda, to the airport in Guatemala City for their return flight to the Orlando International Airport.

3. The flight shall be a direct flight between Guatemala City and Orlando.

4. Respondents **SHALL** pay for the cost of the plane tickets for A.E.T.M. and A.E.T.M and **SHALL ADDITIONALLY pay for unaccompanied-minor services offered by the airline.**

5. Upon their arrival in Orlando, and in coordination with Petitioner's counsel, A.E.T.M. and A.E.T.M **SHALL** be met at the gate by either their grandmother, Sonia Garcia Valles, or by an employee of the Department of Homeland Security, who will escort the children through customs to their grandmother, Valles, in an agreed-upon public area of the airport.

6. Respondents **SHALL** ensure that all of Petitioners' property, including their Passports and any other documentation, are returned to their custody (or Valles') upon their return.

7. Respondents are further **ORDERED** to cooperate with counsel for Petitioners regarding any future custody proceedings regarding A.E.T.M. and A.E.T.M in relation to this incident.

8. Respondents are **RESTRAINED AND ENJOINED** from rearresting or

detaining Petitioners.

9. No security bond is required.

10. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner and against Respondents.

11. The Court retains jurisdiction to enforce this order and to consider the matter of fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 10, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party