UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A.E.T.M.,  A.E.T.M-2, SONIA
GARCIA VALLES,

        Plaintiffs,

    v.                          Case No.:  6:26-cv-00536-GAP-LHP

ATTORNEY GENERAL PAM
BONDI, SECRETARY KIRSTI
NOEM, ACTING DIRECTOR TODD
M. LYONS,

        Defendants,

_____/


### ORDER

This matter is before the Court on Petitioners' Amended Petition for Writ of Habeas Corpus and Motion to Supplement the Record and Request for Factual Findings. Doc. 12; Doc. 13. The Court has also considered the Government's Response in Opposition. Doc. 28.

First, regarding Petitioners' Amended Petition for Writ of Habeas Corpus, the Court notes that Petitioners have since filed a Second Amended Petition for Writ of Habeas Corpus, rendering the first moot. *See* Doc. 13; Doc. 20. Therefore, Petitioners Amended Petition for Writ of Habeas Corpus (Doc. 13) will be denied as moot.

Second, the Government's subsequently-filed Notices have also rendered Petitioners' Motion to Supplement the Record (and the associated Motion for

Hearing[1]) moot. Doc. 12; Doc. 17; Doc. 18; Doc. 19. As the Government stated in its Response and has been made clear to the Court throughout these proceedings, "[f]rom the outset of this case, the safety and well-being of the children, A.E.T.M. and A.E.T.M.-2, was of the highest priority to all involved." Doc. 28. The Government's comprehensive Notices explained precisely when and where Petitioners were when this Court's Orders were entered. *See* Doc. 18; Doc. 19. The Notices also explain that counsel for the Government did not learn these details until 8:30 PM on March 10, 2026—long after the hearing and over three hours after the Court issued its order granting the Petition for Writ of Habeas Corpus.[2] Doc. 18 at 1; *see also* Doc. 10.

Moreover, the Court made clear at the hearing that its temporary restraining order did not extend to the Petitioners' mother, Marly Carolina Morataya Zepeda ("Zepeda"), and that it was, at best, skeptical of its jurisdiction over her.[3] Doc. 23 at

---

[1] To any extent that Petitioners' Motion for Hearing raises distinct legal issues beyond the hearing request, they will be addressed by the Court in its ruling on their Second Amended Petition. *See generally* Doc. 17.

[2] Petitioners additionally requested the precise time at which the temporary restraining order ("TRO") was docketed, but that can be simply ascertained by either party by simply viewing the HTML receipt accessible for every docket item by clicking the globe icon. *See, e.g.,* Doc. 5 HTML Receipt (showing that the TRO in this case was docketed at 9:46 AM on March 10, 2026).

[3] The Court ordered the Government to bring the Petitioners' mother, Zepeda, to the hearing to shed light on the underlying facts and for the sake of determining her position regarding the minor Petitioners' custody. Doc. 6. As is self-evident, that order did not somehow also confer habeas jurisdiction over her or otherwise make her a party to this case.

10:23-11:7, 17:9-11; *see also* Doc. 5. Petitioners' speculation that the timing of her (and Petitioners') removal may reveal a wanton violation of this Court's orders is misplaced. *See* Doc. 12 at 3-4. Notwithstanding ICE's improper removal of Petitioners, the Government has responded in good faith at every step of the way since this case was filed and has complied with each of this Court's orders to the best of its ability.[4] Indeed, although there were a few extra flights and stops in Texas, the Government returned Petitioners to the Orlando International Airport (less than 24 hours after the hearing concluded) where they were met by their grandmother, precisely as ordered by the Court.[5] *See* Doc. 11 at 3-5; Doc. 18; Doc. 19.

Accordingly, it is **ORDERED** that:

1. Petitioners' Motion to Supplement the Record and Request for Factual Findings (Doc. 12) and associated Motion for Hearing (Doc. 17) are hereby **DENIED as moot**.

2. Petitioners' Amended Petition for Writ of Habeas Corpus (Doc. 13) is hereby **DENIED as moot**.

---

[4] Counsel for Petitioners also recognized Government counsel's professionalism at the hearing, offering her thanks for their assistance "coordinating and contacting [her] directly to get the[] children back." Doc. 23 at 17:16-18.

[5] The Government even facilitated the return of Petitioners' mother, Zepeda, and allowed the minor Petitioners to remain in her custody throughout their travels and return to Orlando. *See* Doc. 18; Doc. 19. This good faith effort to keep Petitioners' family together significantly exceeded the Court's Order. *See* Doc. 11 at 3-5.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 16, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party