UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A.E.T.M.,  A.E.T.M-2, SONIA
GARCIA VALLES,

       Plaintiffs,

     v.                          Case No.:  6:26-cv-00536-GAP-LHP

ATTORNEY GENERAL PAM
BONDI, SECRETARY KIRSTI
NOEM, ACTING DIRECTOR TODD
M. LYONS,

       Defendants,

                                 /

### ORDER

This matter is before the Court on Petitioners A.E.T.M., A.E.T.M.-2, and Sonia Garcia Valles' ("Petitioners' ") Second Amended Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction on behalf of Marly Carolina Morataya Zepeda ("Zepeda"), Emergency Motion for Reconsideration and Rehearing, and Emergency Motion to Direct Personal Appearance of Respondent Todd M. Lyons. Doc. 20; Doc. 22. The Court has also considered the Government's Response in Opposition. Doc. 32.

First, regarding Petitioners' Emergency Motion for Reconsideration and Rehearing, the Court already recognized that the Notices filed by the Government subsequent to the hearing clarified the record and explained "precisely when and

where Petitioners were when this Court's Orders were entered." Doc. 29 at 2; *see* Doc. 20. Indeed, it found that Petitioners' speculation that the Government made misrepresentations at the hearing to be "misplaced." *Id.* at 3. There is no application for Rule 60(b)(3) under these circumstances. *See* Doc. 20 at 3-4. Therefore, Petitioners Emergency Motion for Reconsideration and Rehearing will be **DENIED**.

Second, Petitioners' attempt to amend their Petition for Writ of Habeas Corpus to initiate a separate proceeding requesting emergency injunctive relief for Zepeda is improper. Federal Rule of Civil Procedure Rule ("Rule") 15(a)—which would allow a party to amend their pleadings *once* as a matter of course under normal circumstances—"by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis original) (citing *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006)) ("[Rule] 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant").

As the Government recognized, on March 10, 2025, this Court granted Petitioners' Petition for Writ of Habeas Corpus and ordered final judgment be entered in their favor. Doc. 11 at 3, 5; *see also* Doc. 32 at 6-11. Petitioners cite to no legal authority for their attempts to add Zepeda to their Amended and Second Amended Petitions filed on March 11th and 12th. *See* Doc. 32 at 6, n.4; *see also, e.g.,*

- 2 -

Doc. 20, ¶¶ 4, 11-13. Therefore, in light of Eleventh Circuit precedent, this Court's Order entering final judgment for Petitioners precludes their attempts to amend their Petition to litigate Zepeda's Petition as part of this proceeding.[1] *See* Doc. 11; *see also* Doc. 14; *Jacobs*, 626 F.3d at 1344. The Second Amended Petition for Writ of Habeas Corpus is due to be **STRICKEN**.

To the extent that the Second Amended Petition raised further claims on behalf of Petitioners regarding their familial integrity rights and the conduct of ICE personnel incident to their unlawful detention, their finalized habeas petition is not the appropriate vehicle to bring such claims. *See Jordan v. Flagler Cnty. Sheriff's Off.*, No. 3:24-CV-1146-MMH-LLL, 2025 WL 359200 (M.D. Fla. Jan. 31, 2025) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.")). Petitioners must pursue any such claims, along with the hodge-podge of haphazardly asserted claims on behalf of Zepeda, through a distinct legal proceeding.[2]

---

[1] *See also, e.g.*, Doc. 2-2, ¶ 5 ("the children's mother has a removal order"); 8 U.S.C. § 1252(g); *Hernandez v. Uszinksi et al*, No. 2:25-cv-373-RWS, 2025 WL 4093557, *1-*3 (N.D. Ga. Dec. 16, 2025) ("As for the specific conditions at issue here, nothing in the statutes or regulations indicate that ankle monitoring or enrollment in ISAP are inherently improper[.]").

[2] Notably, in its Response the Government avers that it did not concede at the hearing that the children, A.E.T.M. and A.E.T.M., were detained unlawfully. Doc. 32 at 12, n.8. While the Court does not opine whether the specific acts of ICE personnel support liability for other claims, the record is clear that Petitioners' detention was unlawful (and that the Government conceded as much) and that their Petition was *granted*. *See generally* Doc. 11; Doc. 23 at 4:20-21 ("These children need to be immediately released.").

Finally, because the Court has entered Final Judgment in this case, denied Petitioners' Motion for Reconsideration and Rehearing, and stricken their Second Amended Petition and Motion for Preliminary Injunction, their Emergency Motion to Direct Personal Appearance of Respondent Todd M. Lyons is due to be **DENIED as moot**.[3] *See* Doc. 11; Doc. 14; Doc. 22.

Accordingly, it is **ORDERED** that:

1. Petitioners' Emergency Motion for Reconsideration and Rehearing (Doc. 20) is hereby **DENIED**.

2. Petitioners' Second Amended Petition for Writ of Habeas Corpus and Motion for Preliminary Injunction (Doc. 20) is hereby **STRICKEN**.

3. Petitioners' Emergency Motion to Direct Personal Appearance of Respondent Todd M. Lyons (Doc. 22) is hereby **DENIED as moot**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 18, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3] However, as reflected in the Court's Order granting the Petition for Writ of Habeas Corpus, the Court continues to retain jurisdiction over this matter to enforce its orders, which have, to date, been fully complied with. *See* Doc. 11 at 5.

Copies furnished to:

Counsel of Record
Unrepresented Party